UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO:  6:18-cv-_____


AMY MOON,

  Plaintiff,

vs.

THE CITY OF COCOA, FLORIDA,

  Defendant.

_____/

## COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

  Plaintiff, AMY MOON, sues the Defendant, THE CITY OF COCOA, FLORIDA, and alleges:

  1. This an action brought by an employee against her employer seeking damages for a discriminatory action taken because of her gender.  The basis of Plaintiff's action is that the Defendant employer's failure to promote her was a violation of Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. 2000 (*et. seq*).

  2. Plaintiff, AMY MOON, is a resident of Brevard County, Florida.

  3. Defendant, THE CITY OF COCOA, FLORIDA, is a Florida municipality located in Brevard County, Florida.

4.    This Court has original jurisdiction in this action pursuant to 28 U.S.C. 1331, 28 U.S.C. 1343, and 42 U.S.C. 2000e-5.  Jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for illegal employment discrimination. The amount in controversy in this action exceeds the jurisdictional limits of this Court.

5.    The acts which Plaintiff alleges are a violation of Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. 2000 (*et. seq*), occurred in Brevard County, Florida.

6.    The place of Plaintiff's employment was Brevard County, Florida.

7.    This District possesses venue of this matter pursuant to 42 U.S.C. Section 2000e-5(f).  The Plaintiff and Defendant are residents of the Middle District of Florida, and the discriminatory actions alleged in the Complaint all occurred in the Middle District of Florida.

8.    Plaintiff, AMY MOON, is a woman, employed as a Police Officer with the Defendant, the CITY OF COCOA, FLORIDA.

9.    Plaintiff AMY MOON's employment as a Police Officer with the CITY OF COCOA, FLORIDA, began on October 11, 1999.

10.    The CITY OF COCOA, FLORIDA, runs the police department where Plaintiff was employed as a quasi-military organization with fixed ranks and a chain of command.

11.    A police Sergeant in the CITY OF COCOA is an advanced position which has increased responsibilities and increased pay.

12.    The CITY OF COCOA, FLORIDA, established a promotion review board where candidates for promotion to Sergeant are tested and evaluated.  There were objective criteria, a written test, subjective criteria, and an oral presentation before three outside observers.  The candidates were ranked and the ranking was published.

13.    In June of 2013, the CITY OF COCOA, FLORIDA, conducted a promotion review board.  About 15 employees participated and only three passed. Plaintiff scored higher than any other employee and was ranked number one.

14.    On or about June 18, 2013, Plaintiff met with the CITY OF COCOA, FLORIDA's Chief of Police who informed her she would be promoted to Sergeant in October when the budget had funding for the position.

15.    On or about September 24, 2013, the promotions to Sergeant were announced.  The CITY OF COCOA, FLORIDA, failed to promote Plaintiff and picked two lesser qualified male employees to promote over her.

16.    The CITY OF COCOA, FLORIDA, discriminated against Plaintiff, in violation of Title VII of the Civil Rights act of 1964, as amended, when it denied her promotion because of her gender.

17.    On or about January 16, 2014, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission contending that the failure to promote her was a violation of Title VII of the Civil Rights act of 1964, as amended.

18.    On June 26, 2017, the United States Equal Employment Opportunity Commission determined there was reasonable cause to believe that Plaintiff was discriminated against "when she was denied promotion based on her gender, despite being the most qualified for the position, in violation Title VII of the Civil Rights Act of 1964, as amended."

19.    On September 27, 2018, the United States Department of Justice issued Plaintiff a 90-day "right to sue" letter.

20.    Plaintiff has suffered damages, lost pay, mental anguish, inconvenience, and loss of enjoyment of life.

21.    Plaintiff has retained the undersigned attorney to represent her, and Defendant should be held responsible for the attorney fees and costs incurred.

WHEREFORE, the Plaintiff, AMY MOON, respectfully requests that this Court:

A.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees and which eradicate the effects of its past unlawful employment practices;

B.    Order Defendant to make whole Plaintiff by providing appropriate backpay with prejudgment interest, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, rightful-place reinstatement or front pay;

C.    Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to medical expenses;

D.    Order Defendant to make whole Plaintiff by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation;

E.    Order Defendant to provide training to its officers, managers, and employees regarding discriminatory harassment and retaliation in the workplace;

F.    Grant such further relief as the Court deems necessary and proper in the public interest; and

G.      Award the Plaintiff the attorney fees and costs incurred in this action.

## JURY TRIAL DEMAND

The Plaintiff  requests a jury trial on all questions of fact raised by her

Complaint.

/s/ Thomas H. Yardley
THOMAS H. YARDLEY
1970 Michigan Avenue, Bldg. D
Cocoa, FL 32922-5723
Florida Bar No.: 755222
Tel (321) 633-0400
Fax (321) 633-0512
Email: statefiling@yardleylaw.net
Attorney for Plaintiff